## The Chicago and Alton Railroad Company
### *v.*
### Mahan and Hunt.

1. Evidence, *as to existence of a partnership — declarations of the parties.* In an action by two to recover the value of a lot of goods, where the question arises whether the ownership is in the plaintiffs jointly or whether they

belong to one of them, individually, if the plaintiffs are allowed to prove their own declarations as to their partnership, it is competent for the defendant to give in evidence the record of a suit in which one of the plaintiffs had sued for the recovery of the same goods.

2.  Such evidence would be an admission by the party who had sued alone that there was no partnership, and, while it could not prejudice his co-plaintiff in reference to that question, it was competent to go to the jury on that issue so far as the plaintiffs had been allowed to prove the declarations of the party thus suing alone, in their own favor.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of trespass on the case, brought in the court below by Mahan & Hunt against the Chicago and Alton Railroad company, in which the plaintiffs recovered. The defendant took this appeal. The opinion of the court contains a statement of the case.

Mr. A. W. CHURCH, for the appellant.

Mr. JOHN M. BARRET, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Mahan & Hunt against the Railway company to recover the value of goods destroyed by fire communicated from the locomotive. One of the questions made upon the trial was whether the goods belonged to Mahan & Hunt, or to Hunt singly. In order to prove the joint ownership, the plaintiffs were permitted to introduce in evidence the declarations of the plaintiffs as to their partnership. The defendants then offered the record of a suit brought by Hunt alone against the company to recover the value of these goods. The evidence was not admitted. This was error. The record was proper evidence as against Hunt, and in rebuttal of his declarations as to the fact of partnership. It was an admission by Hunt that there was no partnership, or a claim by him that he was the sole owner of the goods, and, although this could

not prejudice the rights of Mahan, if he was really a partner, yet it was competent evidence to go to the jury, on this issue, so far as the plaintiffs had been permitted to prove the declarations of Hunt, in their own favor. If the plaintiffs could prove the declarations of Hunt to the effect that there was a partnership, the defendant should certainly be permitted to prove his declarations that there was not.

*Judgment reversed.*